UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

| | |
|---|---|
| Chambers of<br>**GEORGE L. RUSSELL, III**<br>United States District Judge | 101 West Lombard Street<br>Baltimore, Maryland 21201<br>410-962-4055 |

September 28, 2017

MEMORANDUM TO COUNSEL RE:   Margaret E. Kelly, et al. v. The Johns Hopkins University
Civil Action No. GLR-16-2835

Dear Counsel:

Pending before the Court is Defendant The Johns Hopkins University's ("Johns Hopkins") Motion to Dismiss (ECF No. 29) Plaintiffs'[1] Amended Complaint (ECF No. 27). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will grant in part and deny in part the Motion.[2]

Plaintiffs have alleged that Johns Hopkins violated sections 404 and 406 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1104 and 1106 (2012). This case is one of a number of cases filed in district courts across the country by the same counsel who bring virtually identical claims to the ones in the instant action. Plaintiffs, like their counterparts in the other cases, allege that Johns Hopkins has not prudently managed its pension plan, known as a "403(b) plan," (the "Plan") in violation of ERISA. (See Am. Compl., ECF No. 27). Plaintiffs further allege, like their counterparts, that Johns Hopkins has not managed the Plan for the exclusive purpose of providing benefits to participants and their beneficiaries. (See id.).

The Court is aware of four recently issued decisions, including from one sister court within the Fourth Circuit, that decided motions to dismiss addressing the same issues related to the respective universities' pension plans. See Henderson v. Emory Univ., No. 16-CV-2920-

---

[1] The Plaintiffs in this case are Margaret E. Kelly, Katrina Allen, Jeremiah M. Daley, Jr., Treva N. Boney, Tracey L. McCracken, Jerrell Baker, Lourdes Cordero, and Francine Lampros-Klein.

[2] Also pending is Johns Hopkins's Motion to Dismiss (ECF No. 24) Plaintiffs' original Complaint in this case (ECF No. 1). Johns Hopkins filed this Motion on October 7, 2016. (ECF No. 24). In response, Plaintiffs filed an Amended Complaint on December 2, 2016. (ECF No. 27). When a plaintiff files an amended complaint, it generally moots any pending motions to dismiss because the original complaint is superseded. Venable v. Pritzker, No. GLR-13-1867, 2014 WL 2452705, at *5 (D.Md. May 30, 2014), aff'd, 610 F.App'x 341 (4th Cir. 2015). Accordingly, the Motion is DENIED AS MOOT.

In addition, Plaintiffs have filed multiple Motions for Leave to File Supplemental Authority (ECF Nos. 34, 36, 40). Having considered these Motions and the Oppositions thereto, the Court GRANTS these Motions.

CAP, 2017 WL 2558565 (N.D.Ga. May 10, 2017); Clark v. Duke Univ., No. 16-1044, Doc. 48 (M.D.N.C. May 11, 2017); Sacerdote v. N.Y. Univ., No. 16-CV-6284 (KBF), 2017 WL 3701482 (S.D.N.Y. Aug. 25, 2017); Sweda v. Univ. of Pa., No. 16-4329, 2017 WL 4179752 (E.D.Pa. Sept. 21, 2017).[3]

Regarding Plaintiffs' breach of fiduciary duty claims (Counts I, III, V), the Court is persuaded by the reasons set forth in Henderson, Sacerdote, and Sweda that Plaintiffs fail to state a claim to the extent that Plaintiffs allege that offering Plan participants too many investment options is imprudent. See Henderson, 2017 WL 2558565, at *3; Sacerdote, 2017 WL 3701482, at *11; Sweda, 2017 WL 4179752, at *9. The Court is further persuaded by the reasons set forth in Sacerdote and Sweda that Plaintiffs fail to state a claim to the extent that Plaintiffs allege that including higher-cost share classes in the Plan, instead of available lower-cost share classes of the same funds, is imprudent. See Sacerdote, 2017 WL 3701482, at *11; Sweda, 2017 WL 4179752, at *9.

The Court will not dismiss Plaintiffs' remaining breach of fiduciary duty claims. Henderson, Sacerdote, and Clark all concluded that allegations that a university offering actively managed funds was imprudent supports a breach of fiduciary duty claim under ERISA, and the Court agrees. See Henderson, 2017 WL 2558565, at *3; Sacerdote, 2017 WL 3701482, at *10; Clark, Doc. 48 at 3 (concluding that the unreasonable management fees and performance losses count states a claim). The Court is also persuaded by the reasons set forth in Henderson, Sacerdote, and Clark that allegations that a prudent fiduciary would have chosen fewer recordkeepers and run a competitive bidding process for the recordkeeping services supports a breach of fiduciary duty claim. See Henderson, 2017 WL 2558565, at *6; Sacerdote, 2017 WL 3701482, at *9; Clark, Doc. 48 at 3 (concluding that the unreasonable administrative fees count states a claim). The Court concludes that Plaintiffs' remaining breach of fiduciary duty allegations sufficiently state a claim. At this stage, the Court cannot make a determination that any of Plaintiffs' other claims fail as a matter of law. Discovery related to those claims will shed light on whether the Court can decide the claims as a matter of law or whether a factfinder must resolve any genuine disputes of material fact.

Regarding Plaintiffs' prohibited transactions claims (Counts II, IV, VI), the Court is persuaded by the reasons set forth in Henderson and Clark that 29 U.S.C. § 1002(21)(B) (2012) prohibits Plaintiffs from bringing prohibited transaction claims as to the mutual funds included in the Plan. See Henderson, 2017 WL 2558565, at *8; Clark, Doc. 48 at 4 (dismissing the prohibited transactions for investment services and fees count). The Court is also persuaded by the reasons set forth in Henderson and Sacerdote that allegations that revenue sharing from a mutual fund is a prohibited transaction under 29 U.S.C. § 1106(a)(1)(D) (2012) fail to state a claim. See Henderson, 2017 WL 2558565, at *8; Sacerdote, 2017 WL 3701482, at *12. The Court concludes that Plaintiffs' remaining prohibited transactions allegations sufficiently state a claim. Like Plaintiffs' surviving breach of fiduciary duty claims, the Court cannot determine that the remaining prohibited transactions claims fail as a matter of law at this stage of the case.

---

[3] Cates v. Trustees of Columbia University, No. 16-CV-6488 (KBF), 2017 WL 3724296 (S.D.N.Y. Aug. 28, 2017), also decided a motion to dismiss addressing Columbia University's pension plans. Cates, however, relies on the reasons set forth in Sacerdote. See id. at *2.

     For the foregoing reasons, Johns Hopkins's Motion to Dismiss Plaintiffs' Amended Complaint (ECF No. 29) is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED to the extent Plaintiffs bring claims under Counts I, III, and V alleging that Johns Hopkins acted imprudently by offering too many investment options or higher-cost share classes in the Plan. The Motion is also GRANTED to the extent Plaintiffs bring claims under Counts II, IV, and VI alleging that the Plans participated in a prohibited transaction related to mutual funds or that revenue sharing from a mutual fund is a prohibited transaction. The Motion is DENIED as to all remaining claims. The Court will issue a scheduling order in this case.

     Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

                        Very truly yours,

                        /s/
                        George L. Russell, III
                        United States District Judge