# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

MARGARET E. KELLY, et al.,

     Plaintiffs,

  v.

THE JOHNS HOPKINS UNIVERSITY,

     Defendant.

CIVIL ACTION No. 1:16-cv-2835

---

## DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

MORGAN, LEWIS & BOCKIUS LLP

Jeremy P. Blumenfeld (pro hac vice)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Melissa D. Hill (pro hac vice)
101 Park Avenue
New York, NY 10178
Telephone: (212) 309-6000
Fax: (212) 309-6001
melissa.hill@morganlewis.com

Christopher A. Weals, Bar No. 08411
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001
christopher.weals@morganlewis.com

*Counsel for Defendant*

## PRELIMINARY STATEMENT

The Court should deny Plaintiffs' motion to amend the pleadings to the extent Plaintiffs seek to resurrect claims previously dismissed by this Court. On September 28, 2017, this Court dismissed Plaintiffs' claims in the First Amended Complaint "under Counts I, III, and V alleging that Defendant the Johns Hopkins University ("Defendant" or "Johns Hopkins") acted imprudently by offering too many investment options or higher-cost share classes in the Plan," and "under Counts II, IV, and VI alleging that the Plans participated in a prohibited transaction related to mutual funds or that revenue sharing from a mutual fund is a prohibited transaction." Order, dated Sept. 28, 2017 (Doc. 45) ("Order"), at 3. The Court was persuaded by district court rulings in similar cases filed against Emory University, New York University, Duke University, and the University of Pennsylvania that nearly identical allegations failed to state a claim. *Id.* at 2. Nothing in the facts alleged here, or the courts' reasoning in those cases, has changed since this Court's Order so as to warrant resurrecting the dismissed claims, and Plaintiffs' attempt to do so should be denied as futile.

Moreover, given the pendency of both Plaintiffs' Motion for Reconsideration (Doc. 51) and Johns Hopkins's Motion to Certify the Order for Interlocutory Review (Doc. 56), Plaintiffs' motion to amend is premature. The Court should defer consideration of Plaintiffs' Second Amended Complaint until both pending motions (and interlocutory review, if any) are resolved. Otherwise, Johns Hopkins will be forced to move to dismiss (again) claims that have already been adjudicated, while the fate of the prior complaint hangs in the balance.

## PROCEDURAL HISTORY

As noted above, Johns Hopkins previously moved to dismiss Plaintiffs' Amended Complaint (Doc. 27). (*See* Doc. 29.) On September 28, 2017, the Court issued an order granting in part and denying in part Johns Hopkins's motion. (Doc. 45.)

On October 12, 2017, Plaintiffs moved for partial reconsideration of the Order. (Doc. 51.) Johns Hopkins subsequently moved to certify the Order for immediate appeal under 28 U.S.C. § 1292(b). (Doc. 56.) Those motions are still pending before this Court.

On July 13, 2018, Plaintiffs moved for leave to file a Second Amended Complaint (Doc. 76) within the deadline set forth under this Court's scheduling order. (Doc. 54.) In their motion, Plaintiffs admit that they are repleading claims that were dismissed in the Order: "Although the Court dismissed Plaintiffs' claims that merely alleging the presence of too many investment options or the presence of higher-cost shares of mutual funds alone is insufficient to allege imprudence (Doc. 45), the new allegations of the proposed Second Amended Complaint show that, under the facts particular to this Plan and beyond those dismissed claims, Defendant acted imprudently in administering and managing the Plan." (Doc. 76, at 3.)

After reviewing the proposed amended pleading, and concluding that Plaintiffs had not materially changed the allegations in support of the already dismissed claims, counsel for Johns Hopkins contacted counsel for Plaintiffs regarding a proposed stipulation as to the proposed Second Amended Complaint. (Hill Decl. ¶ 3.) Specifically, defense counsel offered not to oppose the filing of the Second Amended Complaint, provided the parties stipulate that (1) the parties' positions on their pending motions for reconsideration and certification for interlocutory review, respectively, would not be prejudiced or otherwise impacted by the amendment, and (2) the Court's prior Order dismissing certain claims (and not others) applies with equal force to the new

pleading such that those claims remain dismissed from the case. (Hill Decl. ¶ 4.) In response to Defendant's proposed stipulation, counsel for Plaintiffs confirmed their position that the proposed Second Amended Complaint adds allegations to the previously dismissed factual allegations such that, in Plaintiffs' view, these allegations are now sufficient to state claims upon which relief can be granted. (Hill Decl. ¶ 5.)

To the extent Plaintiffs seek to amend the complaint to resurrect claims previously dismissed by this Court, Johns Hopkins opposes the motion on futility grounds. Moreover, granting leave to amend now, while the motions to reconsider and for interlocutory appeal are pending, will prejudice Johns Hopkins by creating uncertainty as to which is the operative complaint and by requiring Johns Hopkins to expend resources to move to dismiss claims that, depending on the outcome of the pending motions, may be extant or not. Johns Hopkins now respectfully urges the Court to defer a ruling on the motion to amend until the Court has disposed of the pending motion for reconsideration and motion for interlocutory appeal. That way, the parties will know which is the operative complaint and can focus their energies on litigating the claims that are in the case.

## ARGUMENT

### I. Leave to Amend Should be Denied Because Plaintiffs' Attempt to Resurrect Previously Dismissed Claims Would be Futile.

Under Rule 15(a)(2), this Court has ruled that "the Court should 'freely give leave' to file an amended complaint 'when justice so requires,'" noting that "[t]he United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) to provide that leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Dicks v. Flury*, No. 14-1016, 2018 WL 453525, at *1 (D. Md. Jan. 16, 2018) (citations

omitted).  The United States Court of Appeals for the Fourth Circuit has interpreted Rule 15(a) to provide that "leave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile."  *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). In determining whether amendment would be futile, the Court considers whether the amended complaint could survive a motion to dismiss for failure to state a claim.  *Dicks*, 2018 WL 453525, at *3.

Here, through the proposed Second Amended Complaint, Plaintiffs seek, among other things, to revive claims dismissed with prejudice by this Court in its September 28, 2017 Order. Specifically, Plaintiffs have added allegations regarding committees at Johns Hopkins that made decisions regarding and over the investments of the Johns Hopkins 403(b) Retirement Plan (the "Plan") (SAC ¶ 25), allegations regarding the role of TIAA and other service providers vis a vis the Plan (*see, e.g.*, ¶¶ 77-81, 119, 241, 249), and allegations regarding the Plan's investments and Johns Hopkins's monitoring of those investments (*see, e.g.*, ¶¶ 104, 160, 1676, 178-83, 187-88), that Plaintiffs hope will revive the fiduciary breach claims this Court found were inadequately pled as a matter of law.  These allegations, even if true, say nothing about whether Johns Hopkins acted imprudently by offering too many investment options or higher-cost share classes in the Plan, or that the Plan engaged in a prohibited transaction by receiving revenue sharing from mutual funds -- allegations squarely dismissed by this Court.  *See* Order, dated Sept. 28, 2017 (Doc. 45); *Polsby v. Sullivan*, No. 88-2344, 1990 WL 27874, at *1 (D. Md. Feb. 7, 1990) (finding that it would be futile to grant plaintiff leave to file an amended complaint because plaintiff's newly-pleaded factual allegations "were substantially similar to those from which the previous causes of action were dismissed").  Indeed, Plaintiffs' motion to amend makes no attempt

to demonstrate how these allegations render the Court's prior ruling erroneous, correct deficiencies in the prior complaint, or otherwise alter the result.[1] *Cutonilli v. Maryland*, 251 F. Supp. 3d 920, 923 (D. Md. 2016) (plaintiff's proposed amendments were futile because, inter alia, plaintiff was unable to show that court's prior dismissal of claims was in error). Thus, allowing Plaintiffs to amend their complaint for the stated purpose of reviving those dismissed claims would be futile, as such allegations cannot, as a matter of law, render those claims plausible on their face.[2]

## II.     Allowing Plaintiffs to Amend the Complaint Now Will Prejudice Johns Hopkins.

Under Rule 15(a), leave to amend should be denied where the amendment will prejudice the opposing party. *Rangarajan v. Johns Hopkins Health Sys. Corp.*, No. WMN-12-1953, 2015 WL 1712270, at *3 (D. Md. Apr. 14, 2015) (denying plaintiff's motion to amend on the grounds of undue delay and undue prejudice because, inter alia, "[w]ere the Court to grant Plaintiff's motion, that would inescapably lead to a second motion to dismiss and round of briefing which would further delay the start of any discovery"). In determining whether a proposed amendment would be prejudicial to the opposing party, the Court will consider the nature of the proposed amendment and its timing. *Dicks*, 2018 WL 453525, at *3. An amendment is prejudicial if it would unduly delay the proceedings or cause the defendant to expend unnecessary time, energy,

---

[1] Furthermore, Plaintiffs should not be permitted to make such arguments for the first time in any reply in support of their motion. *See Clawson v. FedEx Ground Package Sys., Inc.*, 451 F. Supp. 2d 731, 734 (D. Md. 2006) ("The ordinary rule in federal courts is that an argument raised for the first time in a reply brief or memorandum will not be considered." (*citing United States v. Williams*, 445 F.3d 724, 736 n. 6 (4th Cir. 2006)).

[2] To the extent Plaintiffs' proposed amendment seeks only to add factual allegations learned through discovery to date to the existing claims asserted in the complaint (i.e., those that survived Johns Hopkins's motion to dismiss), Johns Hopkins does not oppose such an amendment. However, given Plaintiffs' stated position that they believe the amendment now states plausible claims notwithstanding the Court's prior order, the proposed amendment would be futile and should be denied.

and money.  *See Rubino v. New Acton Mobile Indus., LLC*, 44 F. Supp. 3d 616, 625 (D. Md. 2014).

Here, as noted above, Plaintiffs seek to amend to revive claims this Court has dismissed with prejudice, notwithstanding that (1) they have moved for reconsideration of the Court's prior Order, which motion is pending, and (2) Johns Hopkins has moved to certify the Order for interlocutory review, which motion is also pending.  If the amendment is allowed to proceed, Johns Hopkins will be forced to expend time and resources again moving to dismiss the Second Amended Complaint – not to mention the Court's time and judicial resources in again addressing such motion – all of which may be rendered moot upon resolution of either or both of those pending motions.[3]

Accordingly, to avoid unnecessarily expending the Court's and the parties' time and resources, Johns Hopkins requests that this Court deny Plaintiffs' motion for leave to amend to resurrect previously dismissed claims, or, at a minimum, defer a decision on the proposed amendment until after both the pending Motion for Reconsideration and Motion for Certification for Interlocutory Review are resolved.

## **CONCLUSION**

For the reasons stated above, Johns Hopkins requests that the Court deny Plaintiffs' motion to amend the complaint to the extent it seeks to resurrect claims previously dismissed by this Court.


 Dated:  August 6, 2018                              Respectfully submitted,

---

[3] The district court's decision in *Divane v. Northwestern University* from the Northern District of Illinois, dismissing all of the plaintiffs' claims on their face further confirms that there is there is "substantial ground for difference of opinion" on the prudence standard governing Plaintiffs' claims here, thus warranting appellate review of this Court's Order.  *See Divane v. Nw. Univ.*, No. 16-8157, 2018 WL 2388118, at *1 (N.D. Ill. May 25, 2018); 28 U.S.C. § 1292(b).

By: /s/ _____

Jeremy P. Blumenfeld (pro hac vice)
1701 Market Street
Philadelphia, PA 19103
Telephone: (215) 963-5000
Fax: (215) 963-5001
jeremy.blumenfeld@morganlewis.com

Melissa D. Hill (pro hac vice)
101 Park Avenue
New York, NY 10178-0060
Telephone: (212) 309-6000
Fax: (212) 309-6001
melissa.hill@morganlewis.com

Christopher A. Weals, Bar No. 08411
Morgan, Lewis & Bockius LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
Telephone: (202) 739-3000
Fax: (202) 739-3001
christopher.weals@morganlewis.com

*Attorneys for Defendant*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that the service required by Federal Rule of Civil Procedure 5(a) has been made and that, on August 6, 2018, a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notice of electronic filing to counsel of record for this case and which is available for viewing and downloading from the ECF system of the U.S. District Court for Maryland. In addition, I certify that, pursuant to the Court's individual rules regarding courtesy copies, a paper copy of the foregoing document will be delivered to the Clerk's Office within 48 hours of the electronic filing of this document.

/s/_____
Christopher A. Weals