UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

Chambers of
**GEORGE L. RUSSELL, III**
United States District Judge

101 West Lombard Street
Baltimore, Maryland 21201
410-962-4055

August 13, 2018

MEMORANDUM TO COUNSEL RE:	Margaret E. Kelly, et al. v. The Johns Hopkins University
Civil Action No. GLR-16-2835

Dear Counsel:

    Pending before the Court is Plaintiffs Katrina Allen, Jerrell Baker, Treva N. Boney, Lourdes Cordero, Jeremiah M. Daley, Jr, Margaret E. Kelly, Francine Lampros-Klein, and Tracey L. McCracken's Motion for Partial Reconsideration (ECF No. 51). The Motion is ripe for disposition, and no hearing is necessary. See Local Rule 105.6 (D.Md. 2016). For the reasons outlined below, the Court will deny the Motion.

    Plaintiffs allege that Defendant Johns Hopkins[1] has not prudently managed its 403(b) pension plan (the "Plan") in violation of sections 404 and 406 of ERISA.[2] (See Am. Compl., ECF No. 27). Plaintiffs further allege that Johns Hopkins has not managed the Plan for the exclusive purpose of providing benefits to participants and their beneficiaries. (See id.). On January 6, 2017, Johns Hopkins filed a Motion to Dismiss. (ECF No. 29). On September 28, 2017, the Court granted in part and denied in part Johns Hopkins' Motion. (ECF No. 45). In relevant part, the Court concluded that "Plaintiffs failed to state a claim to the extent that they allege that including higher-cost share classes in the Plan, instead of available lower-cost share classes of the same funds, is imprudent" in violation of ERISA. (Sept. 2017 Order at 2, ECF No. 45). The Court relied on the reasons set forth in Sacerdote v. N.Y. Univ., No. 16-CV-6284 (KBF), 2017 WL 3701482 (S.D.N.Y. Aug. 25, 2017) and Sweda v. Univ. of Pa., No. 16-4329, 2017 WL 4179752 (E.D.Pa. Sept. 21, 2017). (Id.).

    Plaintiffs now move for the Court to reconsider its September 28, 2017 Order. (ECF No. 51). On October 26, 2017, Johns Hopkins filed an Opposition. (ECF No. 53). On November 9, 2017, Plaintiffs filed a Reply. (ECF No. 55).

    The Federal Rules of Civil Procedure include three Rules that permit a party to move for reconsideration. Of import here, Rule 54(b) governs motions to reconsider interlocutory orders. This Rule provides that interlocutory orders "may be revised at any time before the entry of a

---

[1] Capitalized terms retain their definitions from the Court's September 28, 2017 Order. (See ECF No. 45).

[2] The background facts are set forth in the Court's September 28, 2017 Order. The Court repeats only facts relevant to the pending Motion.

judgment adjudicating all the claims and all the parties' rights and liabilities." Courts treat interlocutory rulings as law of the case. Carlson v. Boston Sci. Corp., 856 F.3d 320, 325 (4th Cir. 2017). Under the law-of-the-case doctrine, in the interest of finality, "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." Id. (quoting TFWS, Inc. v. Franchot, 572 F.3d 186, 191 (4th Cir. 2009)).

A court may revise an interlocutory order, then, on the same bases upon which it may depart from the law of the case: "(1) 'a subsequent trial produc[ing] substantially different evidence'; (2) a change in applicable law; or (3) clear error causing 'manifest injustice.'" Id. (quoting Am. Canoe Ass'n v. Murphy Farms, Inc., 326 F.3d 505, 515 (4th Cir. 2003)). While this standard "closely resembles" the standard governing motions to alter or amend judgment under Rule 59(e), it accounts for "evidence discovered during litigation" rather than discovering "new evidence not available at trial." Id. (quoting Pac. Ins. Co. v. Am. Nat. Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998)). In any event, "[a] motion for reconsideration is 'not the proper place to relitigate a case after the court has ruled against a party, as mere disagreement with a court's rulings will not support granting such a request.'" Lynn v. Monarch Recovery Mgmt., Inc., 953 F.Supp.2d 612, 620 (D.Md. 2013) (quoting Sanders v. Prince George's Pub. Sch. Sys., No. RWT 08CV501, 2011 WL 4443441, at *1 (D.Md. Sept. 21, 2011)).

Here, Plaintiffs argue that Sacerdote and Sweda made clear errors of fact and law, and so, the Court's reliance on them was also a clear error. Plaintiffs' argument rests on two premises. First, Plaintiffs assert that Sacerdote and Sweda "rely on the same critical factual error," which is the "mistaken belief that institutional-class mutual fund shares have less liquidity than retail-class shares of the same funds." (Pls.' Mem. Supp. Mot. Partial Recons. ["Pls.' Mot."] at 1, ECF No. 51-1). Second, Plaintiffs contend that that Sacerdote and Sweda "overlook controlling authority," namely, the United States Supreme Court's decision in Tibble v. Edison Intermational, 135 S.Ct. 1823 (2015). (Id. at 2).

Plaintiffs' contentions are unavailing. Their arguments reveal that, in essence, they simply disagree with the reasoning of Sacerdote and Sweda. And in turn, they disagree with the Court's reliance on those decisions in its September 28, 2017 Order. But "mere disagreement with a court's rulings will not support granting" a motion for reconsideration. Lynn, 953 F.Supp.2d at 620 (quoting Sanders, 2011 WL 4443441, at *1). Similarly, "a factually supported and legally justified" decision does not constitute clear error. Lawley v. Northam, No. ELH-10-1074, 2013 WL 4525288, at *1 (D.Md. Aug. 23, 2013) (quoting Hutchinson v. Staton, 994 F.2d 1076, 1081–82 (4th Cir. 1993)). Put more colorfully, for a prior judgment to constitute clear error, it "cannot be 'just maybe or probably wrong; it must . . . strike [the court] as wrong with the force of a five-week-old, unrefrigerated dead fish.'" Id. (quoting Fontell v. Hassett, 891 F.Supp.2d 739, 741 (D.Md. 2012)). The Court concludes that Plaintiffs' disagreements with the reasoning of Sacerdote and Sweda insufficiently show that its September 28, 2017 Order was not factually supported and legally justified, or sufficiently wrong, to constitute clear error. See Lawley, 2013 WL 4525288, at *1.

Plaintiffs, therefore, have failed to provide sufficient grounds under Rule 54(b) for the Court to alter or amend its September 28, 2017 Order. Accordingly, the Court will deny their Motion.

For the foregoing reasons, Plaintiffs' Motion for Partial Reconsideration (ECF No. 51) is DENIED. Despite the informal nature of this memorandum, it shall constitute an Order of this Court, and the Clerk is directed to docket it accordingly.

Very truly yours,

/s/
George L. Russell, III
United States District Judge