IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MARGARET E. KELLY, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> THE JOHNS HOPKINS UNIVERSITY, <br><br> *Defendant*. | No. 1:16-cv-2835-GLR |

**DECLARATION OF KURT C. STRUCKHOFF**

I, Kurt C. Struckhoff, declare as follows:

1. I am an attorney at the law firm of Schlichter Bogard & Denton, LLP. I am one of the attorneys representing the Plaintiffs in this matter. This declaration is submitted in support of Plaintiffs' Motion for Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Awards for Named Plaintiffs.

2. I have been involved in all aspects of this litigation. I am familiar with the facts set forth below and able to testify to them based on my personal knowledge or review of the records and files maintained by this firm in the regular course of its representation of Plaintiffs in this case.

3. I am licensed to practice in the States of Missouri and Illinois. I am admitted to practice in the United States Supreme Court and numerous district courts across the country.

4. I received my Bachelor of Science in Finance and Accounting from Saint Louis University in 2006 and my Juris Doctorate from Saint Louis University in 2009. Since that time, I have been employed as an attorney at Schlichter, Bogard & Denton, LLP, Class Counsel in this

matter. I have been actively engaged in complex class actions since I began my career. During that time, I have been exclusively dedicated to ERISA fiduciary breach class actions concerning 401(k) and 403(b) plans.

5. As set for the in the Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees, and the Declaration of Jerome Schlichter, the Middle District of Tennessee recently approved hourly rates for Schlichter, Bogard & Denton when the court approved a one-third attorney fee of the common fund in an ERISA excessive fee class action settlement. *Cassell v. Vanderbilt Univ.*, No. 16-2086, Doc. 174 at 3 (M.D.Tenn. Oct. 22, 2019). The approved hourly rates are as follows: for attorneys with at least 25 years of experience, $1,060 per hour; for attorneys with 15–24 years of experience, $900 per hour; for attorneys with 5–14 years of experience, $650 per hour; for attorneys with 2–4 years of experience, $490 per hour; and for Paralegals and Law Clerks, $330 per hour. These rates also have been approved for the firm by other district courts, including within the Fourth Circuit. *See, e.g., Clark v. Duke Univ.*, No. 16-1044, Doc. 165 at 8 (M.D.N.C. June 24, 2019); *Sims v. BB&T Corp.*, No. 15-732, Doc. 450 at 7–8 (M.D.N.C. May 6, 2019); *Bell v. ATH Holding Co.*, No. 15-2062, Doc. 380 at 10 (S.D.Ind. Sept. 4, 2019); *Ramsey v. Philips N. Am. LLC,* No. 18-1099, Doc. 27 at 8 (S.D.Ill. Oct. 15, 2018).

6. To calculate the lodestar, Schlichter, Bogard & Denton applied these rates to the number of hours incurred by attorneys and non-attorneys during the *Kelly* action. This calculation is shown in the following table:

| Experience | Hours | Rate | Total |
|---|---|---|---|
| 25 Years + | 348.60 | $1,060 | $369,516 |
| 15–24 Years | 296.80 | $900 | $267,120 |
| 5–14 Years | 1,545.20 | $650 | $1,004,380 |
| 2–4 Years | 375.50 | $490 | $183,995 |
| **Attorney Total** | **2,566.10** | | **$1,825,011** |
| | | | |
| **Paralegals Total** | **249.60** | **$330** | **$82,368** |
| | | | |
| **Total of All Hours** | **2,815.70** | | **$1,907,379** |

7.  As set forth in the above table, based on the firm's billing records, Schlichter, Bogard & Denton expended to date 2,566.10 hours of attorney time and 249.6 hours of paralegal time.

8.  <u>Investigation and Preparation of Complaint</u>: Starting in 2015, Schlichter, Bogard & Denton began their investigation of the claims at issue in this lawsuit. The attorneys conducted in-depth investigative analysis and research of publicly available documents, including summary plan descriptions, participant statements, prospectuses, and the Johns Hopkins University 403(b) Plan Forms 5500 filed with the Department of Labor, among other sources. Class Counsel requested documents from the Plan administrator on behalf of a current participant under 29 U.S.C. §1024(b), which included the production of the plan document, fee disclosures, custodial account agreements, recordkeeping services agreements, and other related documents.

9.  <u>Involvement of Named Plaintiffs</u>: Class Counsel's investigation included meetings with the Named Plaintiffs, which occurred both in-person and on the phone. The in-person meetings required attorneys to travel to various locations in Maryland where the named Plaintiffs reside. These meetings provided valuable insight and additional understanding of the operation and administration of the Plan, the Plan's investment structure, as well as fee and performance disclosures concerning the Plan's investments and expenses. Each Named Plaintiff

3

provided Class Counsel with critical documents prior to preparing the Complaint. It has also been my experience that university employees are hesitant to bring suit against their employer for fear of alienation. Each Named Plaintiff also stayed apprised of the proceedings at each stage of the case, including the mediation process and submitting declarations in support of class certification.

10.   On November 28, 2017, Defendant issued 18 interrogatories and 17 requests for production to each Named Plaintiff. Schlichter, Bogard & Denton then engaged in extensive discussions with each client. The attorneys reviewed and analyzed all materials provided by each clients and prepared responsive documents for production. In total, the Named Plaintiffs collected nearly 3,000 pages of documents for production, which included Plan disclosures, Plan-related communications, email communications, and account statements from multiple recordkeepers.

11.   On August 11, 2016, Plaintiffs filed their complaint in *Kelly v. The Johns Hopkins Univ.*, No. 16-2835 (D.Md). Doc. 1.[1] After Defendant filed its motion to dismiss, Class Counsel reviewed and analyzed Defendant's briefing and evaluated whether to amend their complaint. After additional investigation and research was conducted related to their claims, Plaintiffs amended their complaint as of right under Fed. R. Civ. P. 15(a) on December 2, 2016. Doc. 27. The amended complaint provided additional detail regarding Plaintiffs' claims.

12.   <u>Motion to Dismiss</u>: Defendant filed its motion to dismiss the amended complaint on January 6, 2017. Doc. 34. Defendant's 35-page memorandum was extensive and raised complex legal arguments that addressed all of Plaintiffs' claims. Doc. 29-1. Over the course of

---

[1] Unless otherwise indicated, "Doc." citations are to the *Kelly* docket.

approximately two months, Plaintiffs' attorneys spent extensive time responding to their arguments, which included conducting research and analysis of relevant authority. Plaintiffs filed their opposition on February 24, 2017. Doc. 32. The Court granted in part and denied in part Defendant's motion on September 28, 2017. Doc. 45. Plaintiffs also moved for partial reconsideration of the dismissal order on October 12, 2017. Doc. 51.

13. <u>Motion to Certify for Immediate Appeal</u>: Defendant filed its motion to certify the dismissal order for immediate appeal on November 10, 2017. Doc. 56. Defendant's memorandum argued there were substantial grounds for difference of opinion on controlling questions of law. Doc. 56-1. The Court granted Defendant's motion on August 15, 2018 and stayed the proceedings. Doc. 81. The Fourth Circuit granted Defendant permission to appeal on September 18, 2018. Doc. 82.

14. <u>Discovery</u>: Following the Court's denial of Defendant's motion to dismiss, Plaintiffs proceeded with discovery. In November 2017, the Court filed a scheduling order (Doc. 54), the parties filed a joint stipulation on ESI discovery (Doc. 66), as well as a stipulated confidential and seal order (Doc. 64). Apart from efforts involved in drafting these joint documents, their preparation required numerous meet-and-confer discussions with Defendant's attorneys. Plaintiffs prepared their initial requests for production and interrogatories directed to Defendant on November 16, 2017. At the time the case was stayed pending Defendant's interlocutory appeal, the parties were negotiating the scope of Defendant's ESI productions, including the relevant time period, search terms, and key records custodians.

15. Throughout the course of discovery, Class Counsel diligently reviewed and analyzed approximately 10,000 pages of documents that were produced. A detailed review and analysis of the document production was crucial for Plaintiffs to prove their claims.

16.     To support those efforts, Schlichter, Bogard & Denton developed a document review and analysis protocol for systematically and methodically evaluating the document production. It was incumbent on Plaintiffs' attorneys to review each and every document produced in this litigation. The ongoing review and analysis of the document production was aided by numerous internal discussions and meetings to ensure a proper and efficient evaluation process, as well as to inform their litigation strategy.

17.     Throughout all stages of the case, including discovery, the attorneys at Schlichter, Bogard & Denton met internally, both in large and small groups, to thoroughly discuss the legal theories at issue, the development of the case, and other issues that arose during the litigation. Those internal meetings were critical to obtaining a successful recovery on behalf of the Class.

18.     <u>Proposed Second Amended Complaint</u>: After Defendant responded to discovery, Class Counsel reviewed and analyzed Defendant's production and evaluated whether to amend their complaint to incorporate newly discovery information. After additional investigation and research, Plaintiffs moved for leave to file a second amended complaint on July 13, 2018. Doc. 76. The second amended complaint provided additional detail regarding Plaintiffs' claims. Doc. 76-3. Plaintiffs' motion was pending at the time the Court stayed the proceedings pending Defendant's interlocutory appeal.

19.     <u>Mediation and Settlement</u>: In December 2018, the parties engaged in mediation with Fourth Circuit mediator Cynthia Mabry-King. Class Counsel prepared extensively for this process, which included time devoted to the preparation of a detailed mediation statement and further calculations of potential losses to the Plan. They also requested that Defendant supplement its prior document productions with additional fee and performance data. The parties did not reach agreement during the mediation session, but continued discussions. On April 11,

2019, the parties met for an in-person private mediation before a nationally recognized mediator, David Geronemus. Class Counsel prepared extensively for this mediation, which included time devoted to the preparation of a detailed mediation statement, further analysis of potential losses to the Plan, and the preparation of a responsive memorandum to Defendant's mediation statement. The parties reached agreement on the monetary terms during the all-day mediation session. However, Class Counsel required that the settlement provide additional non-monetary and affirmative relief for the benefit of Class members. After continued discussions over several months, on July 22, 2019, the parties reached an agreement on all terms. Doc. 84-2.

20. Prior to seeking preliminary approval of the class action settlement, Class Counsel was engaged in the preparation of numerous supporting settlement documents, including the class action notices, claim forms, their motion and memorandum in support of preliminary approval, their motion and memorandum in support of class certification, and related proposed orders. They also prepared requests for proposals sent to settlement administrators and independent fiduciaries, who were necessary parties to facilitate the settlement.

21. The description of the time and effort that Class Counsel expended during this litigation illustrates the determination that these attorneys displayed through all aspects of this case. The attorney and non-attorney hours were reasonably and efficiently expended to obtain a successful recovery on behalf of the Class. Without committing the necessary resources to pursue Plaintiffs' claims, a favorable recovery that benefits tens of thousands of Class members would not have been possible.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 8, 2019 in St. Louis, Missouri.

/s/ Kurt C. Struckhoff
Kurt C. Struckhoff
