IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| MARGARET E. KELLY, et al., | |
| *Plaintiffs*, | |
| v. | No. 1:16-cv-2835-GLR |
| THE JOHNS HOPKINS UNIVERSITY, | |
| *Defendant*. | |

## DECLARATION OF JAMES C. STURDEVANT

I, James C. Sturdevant, declare as follows:

1.  I am an attorney admitted to the practice of law in all courts of the State of California and Connecticut. I am admitted to practice in all federal district courts in California and Connecticut, the Second, Fourth, and Ninth Circuit Courts of Appeals, and the United States Supreme Court. I am a graduate of Boston College School of Law where I received my J.D. in 1972, and of Trinity College, where I received a B.A. in 1969. A complete recitation of my experience and background is included in my current personal resume, which is attached hereto as Exhibit A.

2.  I have concentrated on litigation, both at the trial and appellate levels, throughout my forty-five plus year legal career. From 1972 through May, 1978, I was employed with the Tolland-Windham Legal Assistance Program, Inc., and Connecticut Legal Services, Inc., where I concentrated on significant housing, food and unemployment compensation litigation primarily in federal courts, legislation and administrative advocacy. Beginning in October, 1978, I initiated and directed all major

litigation for the San Fernando Valley Neighborhood Legal Services, Inc. program in Southern California. In 1980, I formed my own private practice, The Sturdevant Law Firm, focusing on unfair business practices and civil rights cases. Since 1986, I have concentrated on lender liability, consumer protection class actions, complex employment discrimination cases, disability access, and unlawful/unfair business practice cases.

3. I have had extensive experience in representing consumers and low-income and other individuals in consumer class actions, employment discrimination cases, environmental litigation, disability access, unfair business practices litigation, and other public interest actions in both state and federal courts. I have handled the pre-trial, trial, and most of the appellate work for cases in my firm in which I was lead or co-counsel. A summary of examples of recent significant litigation in which I am or have been involved is described in my firm's resume, Exhibit B.

4. I have been regarded as one of the nation's most respected consumer rights and class action attorneys. I just received the 2019 CLAY Award with my team of attorneys for securing a unanimous decision from the California Supreme Court in *De La Torre v. CashCall, Inc.*, 5 Cal. 5th 966 (2018). In that case, which has lasted more than ten years, the Court held that interest rates between 96% and 135% on $2,600 loans payable over three and one-half years may be determined unconscionable in isolation from other loan terms and circumstances. The Court also held that borrowers may seek affirmative relief from unconscionable loans under California's Unfair Competition Law. I was nominated for Trial Lawyer of the Year by Trial Lawyers for Public Justice (now Public Justice) in 2004 for my work in *Miller v. Bank of America* which is described in

some detail in my firm resume. I was named 2004 Trial Lawyer of the Year by the Consumer Attorneys of California for work in that same case, 2002 Trial Lawyer of the Year by the San Francisco Trial Lawyers Association for my work in *Ting v. AT&T* which is also described in my firm resume, and have received numerous other awards for outstanding advocacy on behalf of consumers and workers.

5. I serve and have served on numerous national, state and local boards and committees concerned with civil litigation and amicus curiae work, and I and my firm have authored a significant number of briefs and amicus briefs on the issues of mandatory arbitration, federal preemption, the interpretation of consumer protection statutes and attorneys' fees, among many other subjects.

6. I am well acquainted with the reputation and practice of Jerome J. Schlichter, founding partner of Schlichter Bogard & Denton, which prosecuted this case as Class Counsel prior to the class action settlement. I have known Mr. Schlichter for many years and am familiar with the fact that he and his firm have done excellent work over the last three decades in advancing the rights of workers and individuals in a variety of class action cases in the employment discrimination field and in recent years national class actions involving fiduciary breaches and excessive fees in 401(k) and 403(b) plans.

7. Schlichter Bogard & Denton has been at the forefront of ERISA fiduciary breach class actions brought on behalf of employees in 401(k) and 403(b) plans. The firm first filed excessive fee cases involving 401(k) plans in 2006. Starting in 2016, Schlichter Bogard & Denton expanded their national ERISA practice by filing similar excessive fee cases involving 403(b) plans sponsored by private universities.

8.      To my knowledge, Schlichter, Bogard & Denton was the first in the country to bring excessive fee lawsuits involving 401(k) and 403(b) plans. Prior to Schlichter, Bogard & Denton filing these lawsuits, there were no lawyers or law firms in the country handling such cases. Consequently, no law firm has developed the expertise in these types of cases that Schlichter Bogard & Denton has over the last 12 years, and no other law firm in the country, to my knowledge, has taken an ERISA 401(k) or 403(b) excessive fee case to trial prior to Schlichter Bogard & Denton.

9.      I am also aware of no other law firm that has achieved the success that Schlichter Bogard & Denton has in bringing ERISA class actions for excessive fees. The public has been well served by the actions of these attorneys. Schlichter, Bogard & Denton has indeed functioned as private attorneys general.

10.     Complex class actions, such as those brought by Schlichter, Bogard & Denton, require representation of the class at a very high level throughout the matter. My firm and I have been involved in several ERISA class actions. In my experience, ERISA class actions and other complex class actions are national in scope, involve complex federal laws and regulations, and typically encompass parties, discovery, and attorneys from all over the United States. A plaintiff's ERISA practice is therefore complex, highly specialized, time-consuming, and expensive to pursue. To my knowledge, there are very few attorneys and law firms willing and capable of handling large ERISA cases representing plaintiffs on a contingent basis. For these reasons, ERISA fiduciary breach litigation in any federal judicial district should be considered both very risky and national in scope.

11. In my personal experience and opinion, ERISA cases and other complex class actions are defended with a "blank check" for defense costs, meaning that defendants are willing to devote massive resources and spend substantial sums for defense costs and expert witnesses. In my experience, defense firms often spend multiples more in time and expenses to defend these cases, and are paid on a monthly basis, as compared to the plaintiffs' lawyers representing the participants and beneficiaries who typically work on a contingency fee basis.

12. I understand for complex class actions outside the Ninth Circuit, the market rate for plaintiffs' lawyers who handle these class actions is 33 1/3% of any monetary recovery.

13. In my experience and opinion, because of the significant cost and extensive resources required to pursue ERISA class actions through judgment, individual named plaintiffs could not afford to hire a lawyer unless it was on a contingency fee basis. I am personally not aware of any plaintiffs' lawyer or law firm that would be willing to handle an ERISA class action other than for a percentage of any monetary recovery.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 4, 2019 in San Rafael, California.

/s/ James C. Sturdevant<br>James C. Sturdevant